UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:  VIPER SERVICES, LLC                              No. 15-11259-j11
        Domestic Limited Liability Company
        EIN: 45-2698958,

        Debtor.

## DEBTOR'S EMERGENCY MOTION TO APPROVE THE SETTLEMENT RELEASE AND HOLD HARMLESS AGREEMENT WITH ROBERT "BOBBY" BOWEN dba BOWEN INSURANCE GROUP-FARM BUREAU FINANCIAL SERVICES; NEW MEXICO MUTUAL CASUALTY COMPANY; AND NATIONAL UNION FIRE INSUANCE COMPANY OF PITTSBURGH, PA

The Debtor, Viper Services, LLC, by and through its counsel, hereby moves the Court, for emergency approval of a Settlement Release and Hold Harmless Agreement between Viper Services, LLC; Robert "Bobby" Bowen dba Bowen Insurance Group-Farm Bureau Financial Services; New Mexico Mutual Casualty Company; and National Union Fire Insurance Company of Pittsburgh, PA (collectively "Defendants")(the "Agreement").  The Agreement is attached hereto as Exhibit A.  In support of this Motion, the Debtor STATES:

1.  On May 14, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  No trustee, examiner or committee has been appointed, and the Debtor continues to manage its business and properties as debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2.  On or around July 7, 2014 the Debtor retained the law firm of Sanders & Westbrook, P.C. to act as its legal counsel in the settlement of a workers compensation claim and law suit filed by the Debtor.

1

DEBTOR'S EMERGENCY MOTION TO APPROVE SETTLEMENT
RELEASE AND HOLD HARMLESS AGREEMENT WITH ROBERT
"BOBBY" BOWEN dba BOWEN INSURANCE GROUP-FARM
BUREAU FINANCIAL SERVICES; NEW MEXICO MUTUAL
CASUALTY COMPANY; AND NATIONAL UNION FIRE
INSUANCE COMPANY OF PITTSBURGH, PA

Case 15-11259-j11    Doc 34    Filed 07/01/15    Entered 07/01/15 09:24:05 Page 1 of 23

3. Debtor filed a complaint in the Second Judicial District, County of Bernalillo, State of New Mexico, Case No. D-202-2014-05204 alleging a claim of breach of contract and the covenant of good faith and fair dealing, violations of the Unfair Practices Act and the New Mexico Insurance Code, Estoppel and Breach of Fiduciary Duty against Defendants.

4. In settlement of the case mentioned above, the Debtor and Defendants entered into the Agreement.

5. Generally, and without limiting the express terms of the Agreement, the Agreement provided that the Debtor agreed to release and forever discharge Defendants of any and all claims. In exchange for the release and discharge of all claims, Debtor was granted payment of Sixty-Five Thousand Dollars ($65,000.00).

6. Under its fee agreement with Sanders & Westbrook, P.C the Debtor is to pay the firm $15,000.00 from the settlement proceeds. The remaining $50,000.00 is to go to the Debtor.

7. The fee agreements with Sanders & Westbrook, P.C are attached hereto as Exhibit B.

8. The Debtor believes that the Agreement is in the best interest of the Estate.

9. The approval of the Agreement and payment of funds are necessary to keep the Debtor operating.

WHEREFORE, the Debtor respectfully requests that the Court approve the Agreement attached as Exhibit A, approve of the payment to Sanders & Westbrook, P.C out of the

DEBTOR'S EMERGENCY MOTION TO APPROVE SETTLEMENT
RELEASE AND HOLD HARMLESS AGREEMENT WITH ROBERT
"BOBBY" BOWEN dba BOWEN INSURANCE GROUP-FARM
BUREAU FINANCIAL SERVICES; NEW MEXICO MUTUAL
CASUALTY COMPANY; AND NATIONAL UNION FIRE
INSUANCE COMPANY OF PITTSBURGH, PA

settlement proceeds, and grant the Debtor such other and further relief as the Court deems just and proper.

Respectfully submitted,
**WILLIAM F. DAVIS & ASSOC., P.C.**
/s/ Electronically filed 07/01/15
William F. Davis, Esq.
Attorneys for Debtor
6709 Academy NE, Suite A
Albuquerque, NM  87109
PH# (505) 243-6129
FX# (505) 247-3185

I certify that on July 1, 2015,
a copy of this document was either electronically
transmitted or mailed to all those as required under
Fed. R. Bank.P. 4001(d) and:

Office of U. S. Trustee
P. O. Box 608
Albuquerque, NM 87103
PH:  (505) 248-6549
FX:  (505)248-6558

/s/ 07/01/15
William F. Davis
F:\Viper Services, LLC\Settlement Docs\Motion to approve settlement agreement.rb

3

DEBTOR'S EMERGENCY MOTION TO APPROVE SETTLEMENT
RELEASE AND HOLD HARMLESS AGREEMENT WITH ROBERT
"BOBBY" BOWEN dba BOWEN INSURANCE GROUP-FARM
BUREAU FINANCIAL SERVICES; NEW MEXICO MUTUAL
CASUALTY COMPANY; AND NATIONAL UNION FIRE
INSUANCE COMPANY OF PITTSBURGH, PA

Case 15-11259-j11    Doc 34    Filed 07/01/15    Entered 07/01/15 09:24:05 Page 3 of 23

## Settlement Release and Hold Harmless Agreement

This Settlement Release and Hold Harmless Agreement ("Settlement Agreement") is entered into by: (1) Plaintiff Viper Services, LLC ("Plaintiff"); (2) Defendant Robert "Bobby" Bowen dba Bowen Insurance Group-Farm Bureau Financial Services; (3) Defendant New Mexico Mutual Casualty Company (all Defendants collectively referenced as "Defendants"); and Defendant Robert "Bobby" Bowen dba Bowen Insurance Group-Farm Bureau Financial Services' insurer National Union Fire Insurance Company of Pittsburgh, PA ("Insurer"). Plaintiff, Defendants, and Insurer are collectively referred to as "the Parties."

## Recitals

A.    On or about February 16, 2012, Robert "Bobby" Bowen dba Bowen Insurance Group-Farm Bureau Financial Services submitted an Application for Workers' Compensation and Employers' Liability Insurance on behalf of Plaintiff to the New Mexico Assigned Risk Pool ("ARP").

B.    On February 17, 2012 the ARP issued to Plaintiff a Workers' Compensation and Employers' Liability Insurance policy for the period of February 17, 2012 to February 17, 2013, policy number 73340.101AR.

C.    The ARP assigned New Mexico Mutual Casualty Company to act as the servicing carrier for policy number 73340.101AR.

D.    Plaintiff renewed its Workers' Compensation and Employers' Liability Insurance through the ARP and as a result, policy number 73340.102AR was issued to Plaintiff, for the period of February 17, 2013 to February 17, 2014.

E.    New Mexico Mutual Casualty Company continued as the servicing carrier for policy number 73340.102AR.

F.    On February 17, 2014, policy number 73340.102AR expired.

G.    On or about March 19, 2014, Jared Franco, an employee of Plaintiff, sustained an accidental injury arising out of his employment with Plaintiff.

H.    On or about March 19, 2014, Jared Franco's work injury was submitted to New Mexico Mutual Casualty Company for coverage of same.

I.    On or about March 20, 2014, New Mexico Mutual Casualty Company denied coverage for Jared Franco's work injury, since policy number 73340.102AR had expired on February 17, 2014.

J.    On August 7, 2014, Plaintiff filed a Complaint against Defendants in the Second Judicial District, County of Bernalillo, State of New Mexico, Case No. D-202-2014-05204, alleging a claim of breach of contract and the covenant of good faith and fair dealing, violations

EXHIBIT

of the Unfair Practices Act and the New Mexico Insurance Code, Estoppel and Breach of Fiduciary Duty against Defendants (referred to as "Complaint"). Defendants filed answers to the Complaint denying all wrongdoing.

K. Insurer is the liability insurer for Defendant Robert "Bobby" Bowen dba Bowen Insurance Group-Farm Bureau Financial Services, and as such, would be obligated to pay any claim made or judgment obtained against Defendant Robert "Bobby" Bowen dba Bowen Insurance Group-Farm Bureau Financial Services which is covered by Insurer's policy with same.

L. The parties desire to enter into this Settlement Agreement in order to provide for payment in full settlement and discharge of all claims which are, or might have been, the subject matter of the Complaint, upon the terms and conditions set forth below.

1. **Release and Discharge by Plaintiffs.**

Plaintiff agrees to release and forever discharge Defendants and Insurer, and each of their respective successors in interest, assigns, subsidiaries, parents, affiliated or related legal and business entities, shareholders, officers, directors, principals, members, managers, partners, agents, employees, servants, representatives, adjusters, insureds, and all persons, firms, associations, and corporations connected with them, including without limitation their insurers, sureties, family members, spouses and attorneys (collectively, "Releasees"), of and from any and all claims, demands, causes of action, obligations, liens, damages, losses, costs, attorney's fees, and expenses of every kind and nature whatsoever, known or unknown, fixed or contingent, which Plaintiff may now have or may hereafter have against Releasees by reason of any matter, cause, or thing arising out of, or in any manner connected with, the Complaint and the facts giving rise to the Complaint.

This release shall extend to every type of claim, whether based in tort, contract, equity, or other theory of recovery, which Plaintiff now has, or which may hereafter accrue or otherwise be acquired, on account of, or in any way arising out of the facts giving rise to the Complaint, which have resulted or may result from the alleged acts or omissions of Defendants.

Plaintiff understands and agrees that the consideration for the release and discharge set forth herein consists of the promise of payment as set forth in subparagraph 2.1 below.

Plaintiff acknowledges and agrees that the release and discharge set forth above is a general release. Plaintiff expressly waives and assumes the risk of any and all claims for damages which exist as of this date, but which Plaintiff does not know or suspects to exist, whether through ignorance, oversight, error, negligence, or otherwise, and which, if known, would materially affect Plaintiff's decision to enter into this Settlement Agreement. Plaintiff further agrees that it has accepted payment of the sum specified herein as a complete compromise of matters involving disputed issues of law and fact. Plaintiff assumes the risk that the facts and law may be other than what Plaintiff believes. It is understood and agreed by the Parties that this settlement is a compromise of doubtful and disputed claims, and the payments

are not to be construed as an admission of liability on the part of Releasees, by whom liability, causation and damages is expressly denied.

## 2.0   Payment.

2.1   To Plaintiff, the sum of Sixty Thousand Dollars ($60,000) by Robert "Bobby" Bowen dba Bowen Insurance Group-Farm Bureau Financial Services, and the sum of Five Thousand Dollars ($5,000) by New Mexico Mutual Casualty Company, for a total payment of Sixty-Five Thousand Dollars ($65,000).

2.2   Plaintiff hereby expressly promises and agrees to satisfy any and all liens (including workers' compensation, governmental, hospital, Medicaid, Medicare, medical provider, and attorneys' liens) and claims of third parties, known or unknown, out of the proceeds of the payments referred to in Section 2.1 above.

2.3   Plaintiff hereby agrees to defend, indemnify, and hold harmless Releasees from any claim by any lienholder, including, but not limited to, Medicare, Medicaid and any medical care payor or provider, which arises from the facts or injuries referred to in the Complaint.

## 3.   Indemnification.

Plaintiff agrees that it will indemnify, hold harmless, and defend Releasees against loss, cost, expense, or liability imposed upon or incurred by Releasees arising from, relating to, or concerning the State of New Mexico Uninsured Employers' Fund (UEF) v. Fenner S. Bock, Aaron S. Norman and Viper Services, LLC, case number WCA 14-01162 before the State of New Mexico Workers' Compensation Administration. Plaintiff understands and agrees that the consideration for the agreement in this paragraph consists of the promise of payment as set forth in subparagraph 2.1 above.

## 4.   Confidentiality.

The parties agree and instruct their attorneys to keep the settlement amount, release and factual circumstances of the settlement and release confidential and same shall not publicly be disclosed, discussed or described by any party or its attorney, except as may be required by law, as necessary to resolve medical, hospital, governmental, or other liens, and for purposes of obtaining legal, tax, or investment advice. Defendants allocate 10 (ten) dollars of the settlement proceeds in consideration of this confidentiality agreement.

## 5.   Attorneys' Fees and Costs.

Plaintiff agrees that Plaintiff and Defendants shall bear their own attorneys' fees and costs, if any, arising from, or in connection with, the Complaint, the Settlement Agreement, the matters and documents referred to herein, and all related matters arising out of the subject accident.

6. **Delivery of Dismissal with Prejudice.**

Concurrently with the execution of this Settlement Agreement, Plaintiff agrees that an Unopposed Motion to Dismiss with Prejudice of the claims against Defendants shall be filed with the Court. Plaintiff hereby authorizes said counsel for Defendants to file said Unopposed Motion to Dismiss with Prejudice with the Court upon transmittal of funds as provided herein.

7. **Representation of Comprehension of Document.**

In entering into this Settlement Agreement, Plaintiff represents that it has relied upon the advice of its own attorneys; that the terms of this Settlement Agreement have been read by Plaintiff and completely explained to Plaintiff by its attorneys; and that the terms of this Settlement Agreement are fully understood and voluntarily accepted by Plaintiff.

Plaintiff acknowledges that its decision to enter into this Settlement Agreement is not based on any statement, writing, or representation by any Releasee, or by any of their representatives, regarding the effects or consequences of this Settlement Agreement under the tax laws, government benefits laws, or other laws of any jurisdiction. Plaintiff understands that it is solely responsible for the tax effects or consequences of this Settlement Agreement.

8. **Warranty of Authorized Signatories.**

Plaintiff warrants and represents that it is competent and authorized to enter into this Settlement Agreement and agrees to defend, indemnify, and hold harmless Releasees against each claim, suit, or demand, including necessary expenses of investigation and reasonable attorneys' fees, in which it may be asserted that it was not competent and/or so authorized to execute this Settlement Agreement and receive the consideration therefor.

Plaintiff further represents and warrants that no other person or entity has, or has had, any interest in the claims, demands, obligations, or causes of action referred to in this Settlement Agreement. Plaintiff has the right and authority to execute this Settlement Agreement and to receive the sums specified in it, and Plaintiff has not sold, assigned, transferred, conveyed, or otherwise disposed of any of its claims, demands, obligations, or causes of action referred to in this Settlement Agreement.

9. **Additional Documents.**

Plaintiff agrees to cooperate fully and execute any and all supplementary documents and to take all additional actions which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Settlement Agreement.

10. **Entire Agreement and Successors in Interest.**

This Settlement Agreement contains the entire agreement among Plaintiff and Defendants with regard to the matters set forth herein and shall be binding upon and inure to the benefit of

the executors, administrators, personal representatives, heirs, successors, and assigns of Releasees.

11.    **Governing Law.**

This Settlement Agreement shall be construed and interpreted in accordance with, and governed in all respects by, the laws of the State of New Mexico.

12.    **Severability.**

If any provision or any part of any provision of this Settlement Agreement shall for any reason be held to be invalid, unenforceable, or contrary to public policy or law, then the remainder of this Settlement Agreement shall not be affected thereby.

13.    **Effective Date.**

This Settlement Agreement shall be effective on the date it has been signed by Plaintiff and Plaintiff's counsel.

_____          5-27-15
Authorized Representative of                     Date
Viper Services, LLC


STATE OF New Mexico        )
                                               )ss.
County of _Eddy_              )

SUBSCRIBED AND SWORN before me this _27_ day of _may_ , 2015.

_____
Notary Public

Approved as to form only:

_____          5/27/15
Duff Westbrook                                       Date
Brian Moore
Sanders & Westbrook, P.C.
102 Granite Ave NW
Albuquerque, NM  87102
Attorneys for Plaintiff


4844-7647-1076.1                          5

MAUREEN A. SANDERS
DUFF WESTBROOK

## SANDERS & WESTBROOK, P.C.
*Attorneys at Law*
102 Granite Avenue NW
Albuquerque, New Mexico 87102
Tel. (505) 243-2243   Fax (505) 243-2750

June 30, 2014

**VIA ELECTRONIC MAIL** JKOTY@VIPERSERVICES.COM

John Koty
Viper Services, LLC
1801 Muscatel Ave.
Carlsbad, New Mexico 88220

Re: Potential claims against New Mexico Mutual and Bobby Bowen

Dear Mr. Koty:

I have spoken with you several times over the course of the last month about whether Viper Services, LLC (Viper), may have viable claims against either or both New Mexico Mutual and, its insurance agent, Bobby Bowen, arising from the cancellation of Viper's Worker's Compensation insurance policy and the resulting lack of coverage on March 19, 2014, when a Viper employee was injured on the job. At this early stage, it is difficult to say with any certainty, but under the circumstances of Viper's case as I understand them, it would appear there a number of potential clams against both the agent and the insurer which could result in the recovery of all or some of the monies Viper has had to and will have to pay out on its employee's Worker's Compensation claim. Some of those claims against both the agent and the insurer allow for a potential court award of attorney's fees.

I have spoken with my partner and our firm is willing to represent Viper Services, LLC on a contingency fee basis. I have enclosed a proposed fee agreement with regard to our firm's provision of legal services on behalf of Viper Services, LLC for Viper's review. It is my understanding the owners of Viper, Fenner Bock and Aaron Norman, have authorized you to speak with me and be the point of contact with regard to their potential claims.

The proposed fee agreement provides that our firm will be only be paid a fee if there is a recovery. The fee will be equal to either one third of the total recovery obtained or the amount of fees which are either awarded by a Court or paid in settlement, whichever is greater. If fees are awarded by the Court or paid in settlement, and the amount of those fees is less than one third of the total recovery, Viper would be required to make up the difference. Viper would also be responsible for paying gross receipts tax on any fees and for paying costs incurred by our office in representing Viper. Please provide a copy of the proposed fee agreement to the owners for their review, and call me with any questions you or they may have.

EXHIBIT
B-1

Sincerely,

Duff Westbrook
Attorney at Law

# FEE AGREEMENT

This Agreement made by and between Viper Services, LLC ("Client") and the law firm of Sanders & Westbrook, P.C. (Duff Westbrook) (Counsel).

1.     Client hereby hires and retains Counsel to represent it in connection with its potential claims against New Mexico Mutual Casualty Company and Bobby Bowen.

2.     Client agrees to pay for all costs and expenses incurred by Counsel in prosecuting Client's claims.  Possible costs include, but are not limited to, filing fees, subpoena costs, service of process, trial expenses, depositions, exhibits, expert witness fees, jury fees, witness fees, court reporter, fees for records, photocopying, travel, long distance telephone, postage, telecopier and all other out-of-pocket expenses incurred investigating and litigating their claims.  Client understands that it must reimburse Counsel for any costs or expenses Counsel incurs on its behalf in this matter regardless of whether any recovery is obtained.  Counsel will confer with Client prior to the incurring of any substantial costs.

3.     All costs and attorneys' fees are subject to New Mexico gross receipts tax, in addition to the cost or fee itself.  Client hereby gives Counsel a lien on any monies recovered to assure payment of its fees, costs, expenses and gross receipts taxes.

4.     If Client terminates this contract after receiving an offer of settlement obtained by Counsel, and it ultimately accepts a settlement substantially equivalent to that offer, Counsel will be entitled to attorneys' fees the same as if Client had not terminated the agreement.  If Client terminates this contract before receiving an offer of settlement, Counsel will be entitled to attorneys' fees evaluated by multiplying the number of hours expended by Counsel by $325 an hour prior to the termination of this agreement, and Client hereby gives Counsel a lien in such amount on any monies recovered to assure the payment of such fees.

5.      Client also understands that Counsel shall have the right to terminate this contract for any reason allowed under the Rules of Professional Conduct or upon Client's failure to cooperate with Counsel in handling this case.  In the event Counsel terminates for Client's lack of cooperation or honesty, Counsel will be entitled to fees for work performed to that time.

6.      Client understands and expressly agrees that Counsel has made no promises regarding the validity or final outcome of the case, except that Counsel will handle the case in a proper and competent manner.  <u>There will be no settlement, disposition or compromise of Client's claims without Client's express consent.</u>

7.      It is expressly agreed and acknowledged between Client and Counsel that some of the claims to be asserted may allow for the possibility of obtaining a Court award of attorneys' fees in the event Client prevails.  Client therefore agrees to pay Counsel attorney's fees as follows:

A.      If no recovery is obtained as a result of the prosecution of the Client's claims the Client shall not be obligated to pay Counsel any attorneys' fees, but Client shall be responsible for paying all costs and expenses incurred in prosecuting the Client's claims, plus any applicable taxes on those costs and expenses.

B.      In the event a recovery is obtained as a result of the prosecution of the Client's claims, the Client agrees to pay Counsel attorney's fees in the amount of the greater of:

1.      The total amount of attorney's fees awarded by the Court or paid by the adverse party as part of a settlement, plus gross receipts tax on such amount; or

2.      Thirty three and one third percent (33 and 1/3 %) of the total amount received by Client plus gross receipts tax on that amount of attorneys' fees.

For purposes of subparagraph 7(B)(2), the "total amount received by Client" is defined as

the amount awarded to the Client plus the amount of any attorneys' fees awarded by the Court or paid by the adverse party as part of a settlement.

In addition to the amount of attorneys' fees plus applicable tax the Client owes to Counsel under this agreement, Client shall  be responsible for the payment of all costs and expenses incurred in prosecuting the Client's claims.

8.      Client acknowledges that this agreement has been reviewed and explained to it, and acknowledges receipt of a copy of this agreement.

Viper Services, LLC

_____

_____          _____
By: Fenner Bock                                                  Date

SANDERS & WESTBROOK, P.C.

By: _____          _____
    Duff Westbrook                                          Date

## FEE AGREEMENT

This Agreement made by and between Viper Services, LLC ("Client") and the law firm of Sanders & Westbrook, P.C. (Duff Westbrook) (Counsel).

1.    Client hereby hires and retains Counsel to represent it in connection with its potential claims against New Mexico Mutual Casualty Company and Bobby Bowen.

2.    Client agrees to pay for all costs and expenses incurred by Counsel in prosecuting Client's claims.  Possible costs include, but are not limited to, filing fees, subpoena costs, service of process, trial expenses, depositions, exhibits, expert witness fees, jury fees, witness fees, court reporter, fees for records, photocopying, travel, long distance telephone, postage, telecopier and all other out-of-pocket expenses incurred investigating and litigating their claims. Client understands that it must reimburse Counsel for any costs or expenses Counsel incurs on its behalf in this matter regardless of whether any recovery is obtained.  Counsel will confer with Client prior to the incurring of any substantial costs.

3.    All costs and attorneys' fees are subject to New Mexico gross receipts tax, in addition to the cost or fee itself.  Client hereby gives Counsel a lien on any monies recovered to assure payment of its fees, costs, expenses and

EXHIBIT

B-2

gross receipts taxes.

4.   If Client terminates this contract after receiving an offer of settlement obtained by Counsel, and it ultimately accepts a settlement substantially equivalent to that offer, Counsel will be entitled to attorneys' fees the same as if Client had not terminated the agreement.  If Client terminates this contract before receiving an offer of settlement, Counsel will be entitled to attorneys' fees evaluated by multiplying the number of hours expended by Counsel by $325 an hour prior to the termination of this agreement, and Client hereby gives Counsel a lien in such amount on any monies recovered to assure the payment of such fees.

5.   Client also understands that Counsel shall have the right to terminate this contract for any reason allowed under the Rules of Professional Conduct or upon Client's failure to cooperate with Counsel in handling this case.  In the event Counsel terminates for Client's lack of cooperation or honesty, Counsel will be entitled to fees for work performed to that time.

6.   Client understands and expressly agrees that Counsel has made no promises regarding the validity or final outcome of the case, except that Counsel will handle the case in a proper and competent manner.  There will be no settlement, disposition or compromise of Client's claims without Client's express

consent.

7.   It is expressly agreed and acknowledged between Client and Counsel that some of the claims to be asserted may allow for the possibility of obtaining a Court award of attorneys' fees in the event Client prevails.  Client therefore agrees to pay Counsel attorney's fees as follows:

A.   If no recovery is obtained as a result of the prosecution of the Client's claims the Client shall not be obligated to pay Counsel any attorneys' fees, but Client shall be responsible for paying all costs and expenses incurred in prosecuting the Client's claims, plus any applicable taxes on those costs and expenses.

B.   In the event a recovery is obtained as a result of the prosecution of the Client's claims, the Client agrees to pay Counsel attorney's fees in the amount of the greater of:

1.   The total amount of attorney's fees awarded by the Court or paid by the adverse party as part of a settlement, plus gross receipts tax on such amount; or

2.   Thirty three and one third percent (33 and 1/3 %) of the total amount received by Client plus gross receipts tax on that amount of attorneys' fees.

For purposes of subparagraph 7(B)(2), the "total amount received by Client" is defined as the amount awarded to the Client plus the amount of any attorneys' fees awarded by the

Court or paid by the adverse party as part of a settlement.

In addition to the amount of attorneys' fees plus applicable tax the Client owes to Counsel under this agreement, Client shall be responsible for the payment of all costs and expenses incurred in prosecuting the Client's claims.

8.   Client acknowledges that this agreement has been reviewed and explained to it, and acknowledges receipt of a copy of this agreement.

Viper Services, LLC

7-7-14

By: Aaron Norman                                     Date


SANDERS & WESTBROOK, P.C.

By:                                   7-9-14

Duff Westbrook                                       Date

Sanders & Westbrook, P.C.
Attorneys at Law
102 Granite Avenue, NW
Albuquerque, NM 87102
Fed. I.D. 85-0437707

June 30, 2015

Invoice submitted to:
John Koty
Viper Services, LLC
1801Muscatel Ave.
Carlsbad, NM 88220

In Reference To:  New Mexico Mutual and Bobby Bowen

Invoice #22497

Professional Services

| | | | Hours | Amount |
|---|---|---|---|---|
| 6/30/2014 | DW | Telephone call with John Koty regarding plan of action | 0.20 | 65.00 |
| | DW | Telephone call with New Mexico Mutual regarding document request | 0.10 | 32.50 |
| | DW | Email John Koty regarding same | 0.10 | 32.50 |
| | DW | Draft fee agreement | 0.20 | 65.00 |
| | DW | Draft letter to Bobby Bowen regarding notice of claims | 0.10 | 32.50 |
| | DW | Draft representation letter | 0.20 | 65.00 |
| 7/2/2014 | DW | Telephone call with Mark Menicucci regarding his analysis of case, workers compensation insurance standards of case | 0.60 | 195.00 |
| | DW | Review all file materials | 0.10 | 32.50 |
| 7/3/2014 | DW | Research Insurance Code; outline potential claim against agent and insurance company | 0.60 | 195.00 |
| 7/17/2014 | DW | Review materials regarding alleged debt to New Mexico Mutual, draft letter regarding same; telephone call with John Koty regarding same | 0.50 | 162.50 |
| 7/30/2014 | DW | Research and draft complaint | 3.70 | 1,202.50 |
| 7/31/2014 | DW | Finalize complaint and email client regarding same | 0.30 | 97.50 |
| | DW | Review Menicucci documents | 0.20 | 65.00 |
| 8/4/2014 | DW | Finalize complaint | 0.30 | 97.50 |
| | DW | Draft summonses | 0.20 | 65.00 |

EXHIBIT

B-3

|            |     |                                                                                              | Hours | Amount |
|------------|-----|----------------------------------------------------------------------------------------------|-------|--------|
| 8/4/2014   | DW  | Read client counsel regarding complaint and draft response email                             | 0.20  | 65.00  |
| 8/5/2014   | DW  | Final edit of Complaint                                                                       | 0.20  | 65.00  |
| 8/6/2014   | DW  | Final edit complaint                                                                          | 0.20  | 65.00  |
| 8/8/2014   | DW  | Draft to requests for production to Defendant Bowen                                           | 0.30  | 97.50  |
|            | DW  | Draft to requests for production to Defendant New Mexico Mutual Casualty Company              | 0.30  | 97.50  |
| 8/9/2014   | DW  | Finalize requests for production for both Defendants                                          | 0.30  | 97.50  |
| 8/11/2014  | DW  | Finalize requests for production to both Defendants                                           | 0.20  | 65.00  |
| 9/22/2014  | DW  | Respond to J. Koty's email regarding status                                                   | 0.20  | 65.00  |
| 10/6/2014  | DW  | Telephone call with John Koty regarding Jared Franco quitting, NMM                            | 0.20  | 65.00  |
|            | DW  | Telephone call with John Koty regarding Jared Franco quitting, NMM                            | 0.10  | 32.50  |
| 10/8/2014  | DW  | Attend conference call with workers comp attorney regarding Plaintiff's workers comp liability| 0.50  | 162.50 |
| 10/9/2014  | DW  | Email J. Koty regarding Franco's attorney participation                                       | 0.10  | 32.50  |
| 10/21/2014 | DW  | Telephone call with R. Shane regarding extension on discovery responses                       | 0.10  | 32.50  |
| 10/28/2014 | DW  | Email J. Koty regarding Viper settlement; Franco's medical status and its relation to Plaintiff's damages | 0.20  | 65.00  |
|            | DW  | Email J. Koty regarding NMM payment of accounts email, relevant to lawsuit                    | 0.10  | 32.50  |
| 10/29/2014 | DW  | Email J. Koty regarding NMM's answer to discovery                                             | 0.10  | 32.50  |
| 11/3/2014  | DW  | Read NMM's response to 1st motion to compel                                                   | 0.40  | 130.00 |
| 11/11/2014 | DW  | Review Complaint and Answers                                                                  | 0.50  | 162.50 |
|            | DW  | Read documents produced by Defendants in discovery                                           | 2.10  | 682.50 |
|            | DW  | Read Bowen's answers to Plaintiff's 1st requests for production                              | 0.30  | 97.50  |
|            | DW  | Draft 2nd requests for production to Bowen                                                    | 0.30  | 97.50  |
|            | DW  | Draft good faith letter to Richard Shane regarding NMM responses to Plaintiff's 1st requests for production | 0.20  | 65.00  |
| 11/13/2014 | BLM | Review complaint, answer, and discovery                                                       | 1.30  | 227.50 |

| Date | | Description | Hours | Amount |
|---|---|---|---|---|
| 11/13/2014 | BLM | Telephone call with client regarding discovery response | 0.30 | 52.50 |
| | BLM | Telephone call with client regarding non-compete issue | 0.20 | 35.00 |
| | DW | Telephone call with client regarding case status | 0.30 | 97.50 |
| 11/19/2014 | DW | Draft letter to client regarding NMM's 1st interrogatories and requests for production | 0.10 | 32.50 |
| 12/1/2014 | BLM | Email client regarding responses to NMM's 1st interrogatories and requests for production | 0.20 | 35.00 |
| 12/2/2014 | BLM | Email opposing counsel for discovery extension | 0.20 | 35.00 |
| | BLM | Telephone call with client regarding responses to NMM's 1st interrogatories and requests for production | 0.50 | 87.50 |
| | BLM | Email Client regarding responses to NMM's 1st interrogatories and requests for production | 0.10 | 17.50 |
| 12/9/2014 | DW | Review Bowen's Answer to NMM's cross-claim | 0.10 | 32.50 |
| 12/19/2014 | BLM | Telephone call to John Koty regarding discovery update | 0.30 | 52.50 |
| 12/29/2014 | BLM | Draft client's responses to interrogatories | 2.30 | 402.50 |
| 1/8/2015 | BLM | Telephone call with Jeff Brown regarding  UEF settlement | 0.10 | 17.50 |
| | BLM | Email to John Koty regarding UEF settlement issues and discovery responses | 0.40 | 70.00 |
| | BLM | Research UEF settlement preclusion of insurance bad faith claims | 0.80 | 140.00 |
| 1/9/2015 | BLM | Email to John Koty regarding UEF settlement issues | 0.40 | 70.00 |
| | BLM | Prepare response to NMM's 1st requests for production | 5.20 | 910.00 |
| | BLM | Telephone call with Jeff Brown regarding UEF settlement | 0.50 | 87.50 |
| | BLM | Email to John Koty regarding UEF settlement issues and conversation with Jeff Brown | 0.20 | 35.00 |
| 1/12/2015 | BLM | Email client regarding WC settlement documents review | 0.50 | 87.50 |
| | BLM | Telephone call with Jeff Brown regarding review UEF settlement documents | 0.20 | 35.00 |
| 1/13/2015 | DW | Review Plaintiffs' answers to Defendant NMM's 1st interrogatories and confer with Brian Moore regarding same | 0.20 | 65.00 |
| | BLM | Prepare response to NMM's 1st set of interrogatories | 2.30 | 402.50 |

| | | | Hours | Amount |
|---|---|---|---|---|
| 1/14/2015 | BLM | Email John Koty regarding responses to NMM's interrogatories and requests for production | 0.30 | 52.50 |
| 1/15/2015 | BLM | Mail discovery response packet to John Koty | 0.30 | 52.50 |
| 1/19/2015 | BLM | Finalize Responses to NMM's 1st Interrogatories and Requests for Production | 1.50 | 262.50 |
| 1/20/2015 | BLM | Send Responses to NMM's 1st Interrogatories and Requests for Production | 0.30 | 52.50 |
| 2/3/2015 | BLM | Email to Bowen's attorneys regarding Discovery extension | 0.30 | 52.50 |
| 2/10/2015 | BLM | Review Release of Claims of Franco for UEF issues | 0.40 | 70.00 |
| | BLM | Telephone call with Jeff Brown regarding UEF settlement terms | 0.30 | 52.50 |
| 2/16/2015 | BLM | Revise UEF Reimbursement Order to avoid admission of non-insurance | 0.50 | 87.50 |
| 2/17/2015 | BLM | Telephone call with Brent Messelheiser regarding Allied General subpoena service | 0.20 | 35.00 |
| | BLM | Prepare Allied General Subpoena | 0.50 | 87.50 |
| 2/20/2015 | BLM | Email to opposing counsel regarding rule 16 conference and deposition scheduling | 0.30 | 52.50 |
| 3/2/2015 | BLM | Draft demand letter | 1.20 | 210.00 |
| 3/3/2015 | BLM | Rule 16 telephone conference with opposing counsel | 0.80 | 140.00 |
| 3/4/2015 | BLM | Telephone call with client regarding settlement offer | 0.60 | 105.00 |
| 3/6/2015 | BLM | Draft and mail subpoena for documents to Allied General Agency Company | 1.30 | 227.50 |
| | BLM | Email opposing counsel re: new subpoena for documents from Allied General Agency Company | 0.20 | 35.00 |
| 3/9/2015 | BLM | Email to opposing counsel regarding rescheduling depositions | 0.20 | 35.00 |
| 3/19/2015 | BLM | Edit initial demand letter | 1.10 | 192.50 |
| 3/23/2015 | BLM | Finalize and send initial demand letter to opposing counsel | 0.60 | 105.00 |
| | BLM | Forward opposing counsel documents produced by Allied General Agency Company from subpoena | 0.40 | 70.00 |
| 3/27/2015 | BLM | Email opposing counsel re: documents supporting settlement demand | 1.60 | 280.00 |
| | BLM | Email client regarding documents supporting settlement demand | 0.30 | 52.50 |

| Date | | Description | Hours | Amount |
|---|---|---|---|---|
| 3/27/2015 | BLM | Telephone call with client regarding documents supporting settlement demand | 0.80 | 140.00 |
| 4/2/2015 | BLM | Email Client regarding supplemental production | 0.40 | 70.00 |
| 4/3/2015 | BLM | Emails with co-counsel regarding class definition and exclusions | 0.30 | 52.50 |
| 4/7/2015 | BLM | Prepare Supplemental Production | 2.40 | 420.00 |
| 4/8/2015 | BLM | Prepare Supplemental Production | 0.50 | 87.50 |
| 4/17/2015 | BLM | Email client regarding settlement offer received | 0.40 | 70.00 |
| | BLM | Telephone call with client regarding settlement offer | 0.30 | 52.50 |
| | BLM | Email to opposing counsel regarding settlement offer | 0.20 | 35.00 |
| 4/21/2015 | BLM | Draft second demand letter to defendants | 1.80 | 315.00 |
| | BLM | Email to opposing counsel regarding settlement demand | 0.40 | 70.00 |
| 4/27/2015 | BLM | Rule 16 telephonic scheduling conference | 0.20 | 35.00 |
| 4/29/2015 | BLM | Email to co-counsel regarding settlement strategy | 0.80 | 140.00 |
| | BLM | Email to client regarding Defendant's latest offer | 0.60 | 105.00 |
| | BLM | Telephone call with client regarding settlement response | 0.40 | 70.00 |
| 5/4/2015 | BLM | Emails to client regarding settlement | 0.60 | 105.00 |
| 5/5/2015 | BLM | Email client regarding settlement | 0.30 | 52.50 |
| 5/6/2015 | BLM | Email to Steve Henry regarding mediation | 0.30 | 52.50 |
| | BLM | Telephone call to Steve Henry regarding mediation | 0.30 | 52.50 |
| 5/7/2015 | BLM | Telephone calls with client regarding settlement | 1.20 | 210.00 |
| 5/8/2015 | BLM | Telephone calls with opposing counsel regarding settlement | 1.40 | 245.00 |
| | BLM | Emails with opposing counsel regarding settlement | 0.90 | 157.50 |
| | BLM | Telephone calls with client regarding settlement | 0.50 | 87.50 |
| 5/19/2015 | BLM | Email to client regarding W-9 and final settlement documents | 0.40 | 70.00 |
| | BLM | | 0.30 | 52.50 |
| 5/22/2015 | BLM | Review proposed settlement release | 1.10 | 192.50 |

| | | | Hours | Amount |
|---|---|---|---|---|
| 5/25/2015 | DW | Review proposed settlement agreement | 0.20 | 35.00 |
| 5/26/2015 | BLM | Email client regarding  final settlement documents | 0.50 | 87.50 |
| | BLM | Telephone call with client regarding final settlement documents | 0.40 | 70.00 |
| | | For professional services rendered | 62.30 | $13,182.50 |

Additional Charges :

| | | Amount |
|---|---|---|
| 8/21/2014 | Process service fee upon Defendant Bowen | 30.00 |
| 8/22/2014 | Process service fee of NM Mutual Casualty Company | 65.00 |
| 9/4/2014 | Proof of Summons filing fee | 10.00 |
| 9/16/2014 | Complaint filing fee | 132.00 |
| 11/3/2014 | Copies of NMM's responses to Plaintiffs 1st requests for production | 107.50 |
| 1/14/2015 | Document duplication costs | 103.03 |
| 1/15/2015 | FedEx documents delivery to client | 39.90 |
| 1/16/2015 | Federal Express document delivery | 52.40 |
| 3/16/2015 | Certificate of Service filing fees | 10.00 |
| 3/31/2015 | Process service record fees (Nationwide Insurance) | 25.00 |
| 4/8/2015 | Certificate of Service filing fee | 10.00 |
| 4/9/2015 | Duplication costs from Pulp Faction | 33.34 |
| | Total costs | $618.17 |
| | NM Tax for Fees | $947.49 |
| | NM Tax for Costs | $32.79 |
| | Total amount of this bill | $14,780.95 |
| 9/4/2014 | Payment-thank you. Check No. 5180 | ($101.65) |
| 11/17/2014 | Payment-thank you. Check No. 5286 | ($142.00) |
| | Total payments and adjustments | ($243.65) |
| | Balance due | $14,537.30 |